[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #103
The plaintiff's return of process in this action reveals that service was effectuated by leaving two true and attested copies at the office of the Secretary of State as duly authorized agent with address provided for the movant defendant, American Standard, Inc., as 1114 Avenue of the Americas, New York, New York, 10036. See Connecticut General Statutes § 33-41. It is conceded by the plaintiff that the movant defendant had previously appointed CT Corporation System as agent for service and its address had been previously changed. The movant therefore claims an insufficiency of service which may be attacked by a motion to dismiss.
The parties stipulated that Deputy Sheriff Paul Post was retained to effectuate service. They stipulated further that he had many similar type services in the past. Additionally, they stipulated that he made search of the records of the State of Connecticut Secretary of State. He was unable to locate an agent for service within this jurisdiction. The plaintiff claims that this was caused, at least in part, because of inaccurate information supplied to the Secretary of State by the defendant. Sheriff Post then served the Secretary of State who did not return the process to Sheriff Post which was in conformance with their policy if service was incorrectly left with that office but instead forwarded it to the attention of the defendant American Standard, Inc. CT Page 5149-FFFF
The movant defendant contends that the nature of Sheriff Post's efforts are irrelevant and that Connecticut General Statutes §§ 33-411 and 33-297 mandate that proper service be made in order for the court to exercise personal jurisdiction over this defendant.
Connecticut General Statutes § 33-411 (a) requires due diligence on the part of the party bringing an action to locate the agent for service of a foreign corporation being served before serving the Secretary of State as agent for service. "A statute requiring reasonable diligence to personally serve the defendant within the state before service by publication or onthe Secretary of State as agent for service is employed requires pursuit of leads of information reasonably calculated to make personal service possible." (62B Am Jur 2nd, [Am.Jur.2d], Process § 249, italics added) "In order to establish diligence to discover the party's whereabouts, it is not necessary to establish all possible or conceivable means have been used, but an honest and reasonable effort to find the defendant must generally be disclosed." (62B Am Jur 2nd, [Am.Jur.2d], Process § 249). Under the circumstances of this case, Sheriff Post exercised due diligence.
In addition, this defendant had notice of the pendency of this action. American Standard filed a timely appearance to defend the lawsuit. The court is not aware of any prejudice to the defendant.
This court agrees that Connecticut General Statutes § 33-297 directs service to be made upon the corporation's statutory agent. However, under the circumstances of this case, where the process server made a diligent search, where the failure to obtain the correct agent of service may have been partially caused by the movant defendants own actions, where timely actual notice was given to the movant by the Secretary of State, the court finds that it does not lack jurisdiction over the defendant, American Standard, Inc. The motion to dismiss is denied.
LAWRENCE L. HAUSER, JUDGE